E-FILED
Friday, 30 January, 2009 02:41:07 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| ALLAN P. AUSTIN, | ) |
| Petitioner, | ) |
| v. | ) Case No. 08-1304 |
| TERRY L. McCANN, Warden, | ) |
| Respondent. | ) |

**O R D E R**

This matter is now before the Court on Petitioner, Allan Austin's ("Austin"), Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. For the reasons set forth below, Respondent's Motion to Dismiss [#9] is GRANTED, and the § 2254 Petition [#1] is DISMISSED.

**BACKGROUND AND PROCEDURAL HISTORY**

On December 16, 1998, a jury in the Circuit Court of McClean County found Austin guilty of three counts of aggravated criminal sexual assault, two counts of home invasion, two counts of residential burglary, one count of vehicular invasion, one count of unlawful restraint, and two counts of criminal sexual abuse. On January 29, 1999, he was sentenced to a total of 80 years' imprisonment. His conviction and sentence were affirmed on direct appeal by the Illinois Appellate Court on November 16, 2000. Austin did not file a petition for leave to appeal ("PLA") to the Illinois Supreme Court.

On September 8, 2001, Austin filed a post-conviction petition with the Circuit Court under the Illinois Post-Conviction Hearing Act. The petition was dismissed as untimely, and on May 9, 2005, the Illinois Appellate Court affirmed the dismissal. Austin's PLA to the Illinois Supreme Court was denied on September 29, 2005.

Austin filed a motion to dismiss his indictment and for relief from judgment on August 19, 2005.  On September 28, 2005, the motion to dismiss the indictment was dismissed for lack of jurisdiction because it was filed more than six years after his sentencing.  The motion for relief from judgment was dismissed as untimely on May 24, 2006.  On July 13, 2006, Austin filed a motion to vacate judgment and void sentence, which was dismissed as frivolous on August 11, 2006.  On appeal, the Illinois Appellate Court affirmed the rulings of the trial court, finding the motions to be both untimely and frivolous.  Austin then filed a PLA to the Illinois Supreme Court.  His PLA was denied on September 24, 2008.

While these motions and appeals were pending, Austin filed a motion for leave to file a successive post-conviction petition on October 21, 2005.  The trial court denied the motion on December 19, 2005, and the denial was affirmed by the Illinois Appellate Court on March 7, 2008.  Austin's PLA to the Illinois Supreme Court was denied on May 12, 2008.

Austin now brings the present action seeking federal review of his state court proceedings.  In his Petition, he raises essentially 12 arguments: (1) the state introduced evidence at trial that had been tampered with or altered; (2) the state introduced an involuntary and coerced confession at trial; (3) he was not provided his <u>Miranda</u> warnings; (4) the state introduced certain evidence to arouse the jury's passion; (5) he was not allowed to testify or present evidence during a hearing on his motion to suppress; (6) the trial court erred in allowing the victim's identification; (7) his alibi witness was not called to testify on his behalf; (8) he was denied a fair and impartial trial because an African American juror was excused by the prosecution; (9) the trial court abused its discretion in sentencing; (10) his offenses should have been severed and tried separately; (11) he was

denied effective assistance of trial counsel; and (12) he was denied effective assistance of appellate counsel. This Order follows.

## DISCUSSION

There are statutory time limits which govern whether a district court can entertain a petition for writ of habeas corpus. The present case is covered by 28 U.S.C. § 2244, which states in relevant part:

> A 1 year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The time during which a properly filed application for post-conviction or other collateral review is pending in the state courts is not counted toward any period of limitation. 28 U.S.C. § 2244(d)(2).

In the present case, Austin alleges that he is entitled to relief because of errors purportedly made by his attorneys, the prosecutor, and the trial court. He makes no assertion that there is any newly recognized constitutional right, that he was prevented from filing, or that he was unable to discover the factual predicate for his claims through the

exercise of due diligence.  Thus, this case does not involve the application of sub-sections (B), (C), or (D) above.

Assuming that Austin filed an affidavit of intent to file a PLA, his direct appeal became final on December 21, 2000, when the 35-day filing period for pursuing a PLA to the Illinois Supreme Court expired, and his clock began to run on that day.  A total of 281 days elapsed between the time Austin's conviction became final and the filing of his first post-conviction petition on September 28, 2001.  The filing of his first post-conviction petition tolled the limitations period until September 29, 2005, when the Illinois Supreme Court denied his PLA.[1]

Although Austin filed other motions and sought leave to file a successive post-conviction petition, all of his motions were denied as frivolous or untimely.  Accordingly, he did not have any other properly filed application for State post-conviction or other collateral relief pending to toll the limitations period until July 13, 2006, if the Court assumes that his motion to vacate judgment was properly filed.  However, between September 29, 2005, and July 13, 2006, another 281 days of untolled time elapsed.  Thus, the untolled time elapsed between the time Austin's appeal became final and the filing of any document that could conceivably represent a properly filed application for relief was 568 days, which exceeds the statutorily prescribed 1-year period of limitations after which a federal court cannot entertain a petition brought pursuant to § 2254 by a prisoner in state custody.  Therefore, the petition must be denied as untimely.

---

[1] The limitations period was not tolled during the 90-day period in which he could have filed, but did not file, a petition for writ of certiorari with the United States Supreme Court.  Lawrence v. Florida, 549 U.S. 327, 333-34 (2007); Gildon v. Bowen, 384 F.3d 883, 885-86 (7th Cir. 2004).

## CONCLUSION

For the reasons set forth herein, Respondent's Motion to Dismiss [#9] is GRANTED, and Austin's Petition for Writ of Habeas Corpus pursuant to § 2254 [#1] is DISMISSED as untimely.  This matter is now terminated.

ENTERED this 30th day of January, 2009.


                                            s/ Michael M. Mihm
                                            Michael M. Mihm
                                            United States District Judge